# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
**LUIS IVAN POBLETE,** )
)
    **Plaintiff,** )
)
          **v.** )     Case No. 17-cv-02527 (APM)
)
**RESIDENTIAL CREDIT** )
**OPPORTUNITIES TRUST, et al.,** )
)
    **Defendants.** )
_____ )

## MEMORANDUM OPINION

This matter comes before the court on review of Plaintiff Luis Ivan Poblete's Complaint and Motion for Temporary Restraining Order, titled "Petition in Equity for Emergency Injunctive Relief" ("Complaint and TRO"). Plaintiff proceeds pro se. For the reasons set forth below, the court denies Plaintiff's Complaint and TRO and sua sponte dismisses this action without prejudice for lack of subject-matter jurisdiction.

Plaintiff invokes diversity jurisdiction as the basis for subject-matter jurisdiction in this case. Compl. & TRO, ECF No. 1, ¶ 4. The federal diversity statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . *citizens of different states.*" 28 U.S.C. § 1332 (emphasis added). For jurisdiction to exist under section 1332, there must be complete diversity between the parties, meaning "*each* defendant [must be] a citizen of a different state [than] *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every

party to the action." *Loughlin v. United States*, 393 F.3d 155, 171 (D.C. Cir. 2004) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983)).

Plaintiff has failed to meet this burden here. It is apparent from the face of the Complaint that complete diversity does not exist. The caption of Plaintiff's pleading shows that Plaintiff and one of the Defendants, Stephen Hassler, are both residents of Washington, D.C. To be sure, a person is a "citizen of the State" in which he is domiciled, and physical presence is only one of the two factors courts use to determine domicile. *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). Plaintiff, however, bears the burden of pleading citizenship and has not pled facts establishing that either he or Mr. Hassler is a citizen of any state other than Washington, D.C. The court therefore finds it lacks subject-matter jurisdiction over this matter. Accordingly, the court dismisses Plaintiff's Complaint and TRO sua sponte. *See* Fed. R. Civ. P. 12(h)(3); *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. 2010) (per curiam) ("[A] district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction.").

Thus, for the foregoing reasons, the court denies Plaintiff's Complaint and TRO and dismisses this action without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: November 22, 2017

_____
Amit P. Mehta
United States District Judge